**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LUIS MARTIN ESTRADA RAMIREZ** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **J. L. JAMISON, Warden of Philadelphia** | : | |
| **Federal Detention Center, JOHN E. RIFE,** | : | |
| **Acting Field Office Director, Immigration and** | : | |
| **Customs Enforcement, Enforcement and** | : | |
| **Removal Operations, Philadelphia Field Office,** | : | |
| **MARKWAYNE MULLIN, Secretary of the** | : | |
| **Department of Homeland Security, TODD** | : | |
| **BLANCHE, Acting U.S. Attorney General, U.S.** | : | |
| **DEPARTMENT OF HOMELAND SECURITY,** | : | |
| **EXECUTIVE OFFICE OF IMMIGRATION REVIEW** | : | **NO. 26-3782** |

## ORDER

**NOW**, this 30th day of June, 2026, upon consideration of Petitioner Luis Martin Estrada Ramirez's Petition for Writ of Habeas Corpus (Doc. No. 1), the government's opposition, and after a hearing, **IT IS ORDERED** that the petition is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1.      Estrada Ramirez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2.      The government shall release Estrada Ramirez from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **6:00 P.M. E.T.** on **June 30, 2026**.

3.      The government shall return all personal belongings confiscated from Estrada Ramirez upon his detention, including identification documents.

4.      The government is temporarily enjoined from re-detaining Estrada Ramirez for seven days following his release from custody.

5.      If the government pursues re-detention of Estrada Ramirez, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6.      The government shall not remove, transfer, or otherwise facilitate the removal of Estrada Ramirez from the Eastern District of Pennsylvania prior to the ordered bond hearing.

7.      If the immigration judge determines Estrada Ramirez is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Estrada Ramirez if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania.  That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

---

[1] Estrada Ramirez entered the United States in 2005.  Pet. Writ Habeas Corpus ¶ 17, ECF No. 1. After entering, he went to Philadelphia, where he has lived for twenty years.  *Id.* ¶ 18.  He is self-employed. *Id.* ¶ 18.

On or about May 31, 2026, Estrada Ramirez was arrested by Department of Homeland Security (DHS) officials near his house.  *Id.* ¶ 19.  He had no prior notice or opportunity to contest his detention.  *Id.* ¶ 19.  He has since been held at the Federal Detention Center in Philadelphia.  *Id.* ¶ 20.

The government has denied Estrada Ramirez the opportunity for a hearing conducted by a neutral decisionmaker to determine whether his detention is warranted based on danger or flight risk.  *See id.* ¶¶ 19, 61; Respondents' Opp. to Pet. for Writ of Habeas Corpus ("Opp'n") 8, ECF No. 5.  It contends that detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2).  *See* Opp'n 8.

Section 1225(b)(2) does not apply to individuals like Estrada Ramirez, who are not actively trying to enter the country, but have been living here for an extended period.  *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025).  The provision that applies to Estrada Ramirez is 8 U.S.C. § 1226(a).  That provision mandates a hearing.  *See* 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in nearly identical cases where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See, e.g., Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.